**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVE S. WEINSHEL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-cv-9050 |
| OCWEN FINANCIAL CORPORATION, a Georgia corporation, OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, ALLY FINANCIAL INC., a Delaware corporation, and GMAC MORTGAGE GROUP, LLC, a Delaware company, | ) ) The Honorable Andrea R. Wood ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated December 31, 2013, the parties, by their attorneys, hereby submit the initial joint status report, and respectfully state as follows:

**1.  Nature of the Case**

A. The attorneys of record for Steve S. Weinshel are Alicia E. Hwang and David J. Dale of Edelson P.C. David A. Stampley of KamberLaw, LLC is the lead trial attorney for Mr. Weinshel. The attorneys of record for Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (the "Ocwen Defendants") are Simon Fleischmann, Ryan M. Holz and David F. Standa of Locke Lord LLP. Mr. Fleischmann is the lead trial attorney for the Ocwen Defendants. Ally Financial Inc. and GMAC Mortgage Group, LLC were voluntarily dismissed as party defendants.

B. All parties have been served.

C. Pursuant to 28 U.S.C. §§1332(d) and 1453, this Court has jurisdiction over this putative class action because there is minimal diversity of citizenship and the amount in

controversy exceeds the sum of $5,000,000.00. As to diversity, Plaintiff is a citizen of Illinois, and Defendant Ocwen Financial Corp. is not a citizen of Illinois. As to the amount in controversy, the Ocwen Defendants allege that the putative class described in the complaint could conceivably include more than 53,000 individuals, each seeking to recover an average of $20 per month over the course of 18 months. The Ocwen Defendants estimate the total damages sought could therefore approach or exceed $19,000,000.

      D.      Plaintiff alleges that the defendants, in the process of servicing residential mortgage loans, have charged monthly property inspection fees for inspections that either did not occur or were not reasonable. Based on these and other allegations, Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"). Plaintiff brings the action on behalf of himself and a putative class consisting of all similarly situated individuals, "who, in the State of Illinois, were subject to the conduct described in this complaint during the 'Class period' of May 14, 2012 to the present."

      E.      Plaintiff seeks actual damages, statutory damages, punitive damages, attorneys' fees and an injunction.

      F.      The major factual issues in the case are what activities were engaged in by the Ocwen Defendants for which they charged property inspection fees, what activities were claimed by the Ocwen Defendants as the basis for charging property inspection fees, and whether such fees were authorized under the Ocwen Defendants' contracts with Plaintiff and members of the proposed class, and whether the Ocwen Defendants charged unreasonable inspection fees and, if so, whether liability for such inspection fees can be adjudicated on a class-wide basis. The major legal issues in the case will be the interpretation of the mortgage contract, the scope of the

Ocwen Defendant's liability for conduct of the previous servicer, the application of the voluntary payment doctrine, whether good faith and fair dealing is a separate cause of action under Illinois law, the application of the unjust enrichment doctrine in these circumstances, and whether ICFA applies to disputes of this type.

2.  **Case Plan**

    A.  The Ocwen Defendants plan to file a 12(b)(6) motion to dismiss on February 27, 2014, contemporaneously with this joint report. The basis for the Ocwen Defendants' motion is that all of Plaintiff's claims are barred by the voluntary payment doctrine and because Plaintiff has failed to satisfy the notice and cure provision in the mortgage. In addition, the Ocwen Defendants claim that (i) Plaintiff has failed to properly plead a breach of contract, (ii) the breach of the implied covenant of good faith and fair dealing is not an independent cause of action in Illinois, (ii) a claim for unjust enrichment cannot be maintained where the parties' relationship is governed by contract, (iv) ICFA does not apply to private contract disputes, (v) neither Ocwen Defendant is liable for any actions taken before February 15, 2013, and (vi) Ocwen Financial Corporation is not liable for the alleged acts of Ocwen Loan Servicing, LLC.

    B.  The Ocwen Defendants believe a discovery schedule would be premature and cause significant cost and prejudice while a motion to dismiss the entire case is pending. The pleadings are far from settled, several parties have been voluntarily dismissed, and the Ocwen Defendants are asking the Court to dismiss the remainder of this case for failure to state a claim.. The parties are not in a position to evaluate whether this case will proceed past the pleading stage at all; or if it does, what the scope of the claims may be going forward, when the Court may rule on the motion to dismiss, whether there will be amended pleadings with new or different claims, whether additional motion practice may be needed in connection with possible amended pleadings, or what type of discovery might be appropriate as it relates to the merits of the

Plaintiffs' claim(s) or a putative class. The Ocwen Defendants therefore object to any discovery schedule at this time—particularly expensive class discovery—before the pleadings are settled and we know whether this case will proceed in any form. The Ocwen Defendants instead urge the parties and the Court to first complete the pleadings stage of this case and then, if necessary, enter a realistic case-management schedule for the resolution of any remaining part of this case..

Plaintiff's position is that discovery should proceed as follows.

   i. *The general type of discovery needed*: Documents concerning the Ocwen Defendants' policies and procedures regarding inspections; documents concerning the Ocwen Defendants' inspection practices, including contracts with Corelogic Field Services or other service providers, and inspection records; documents concerning inspection fees imposed by the Ocwen Defendants; documents concerning complaints and inquiries regarding imposition of inspection fees.

   ii. *Whether discovery will encompass electronically stored information (ESI) and any anticipated issues about disclosure or discovery of ESI, including the form or forms in which it should be produced*: Plaintiff has not yet discovered in what electronic forms relevant information may be stored but anticipate ESI will include information to be produced in original, native formats with intact metadata, including electronically stored text documents; images of text documents (including contracts and inspection activity records); databases containing inspection activity and inspection fee-related information; customer service telephone recordings; and e-mail messages (produced in .eml format). Plaintiff does not presently anticipate discovery involving computer forensics.

   iii. *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after*

4

*production—whether to ask the court to include their agreement in an order*: Plaintiff anticipates jointly proposing a protective order, to be discussed and agreed to by the parties.

    iv.    *The date on which Rule 26(a)(1) disclosures were made or will be made*: March 7, 2014.

    v.    *The date by which the parties will complete fact discovery*: May 26, 2013

    vi.    *Whether expert discovery is contemplated and, if so, the dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed*: Disclosures June 16, 2014, expert depositions completed July 8, 2014

    vii.    *What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted*: None.

    viii.    *The date by which the parties must file any dispositive motions*: July 22, 2014.

    C.    The Plaintiff has made a jury demand. The parties estimate that a trial would last a week.

**3.    <u>Settlement</u>**

    A.    The parties have briefly discussed the possibility of settlement but no offer has been made by either party and the discussions have not significantly advanced.

    B.    The parties believe that a settlement discussion would be productive at this time. The Ocwen Defendants believe a settlement conference may be productive if the scope of the conference was limited to discussion of an individual settlement.

**4.     Consent to Proceed Before a Magistrate Judge**

    A.     Plaintiff consents to proceed before a magistrate judge.

    B.     The Ocwen Defendants do not consent to proceed before a magistrate judge at this time.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Ocwen Financial Corporation and Ocwen Loan Servicing, LLC | Steven Weinshel |
| By:/s/David F. Standa<br>    One of its attorneys | By:/s/Alicia E. Hwang<br>    One of his attorneys |
| *Attorneys for defendants:*<br>Simon Fleischmann<br>Ryan M. Holz<br>David F. Standa<br>Locke Lord LLP<br>111 South Wacker Drive<br>Chicago, Illinois  60606<br>Telephone 312-443-0700 | *Attorney for plaintiff:*<br>David J. Dale<br>Alicia E. Hwang<br>Edelson P.C.<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>312-589-6370<br><br>David A. Stampley (pro hac app. forthcoming)<br>KamberLaw, LLC<br>100 Wall St., 23rd Fl.<br>New York, NY 10005<br>212-920-3072 |