# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVE S. WEINSHEL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-cv-9050 |
| OCWEN FINANCIAL CORPORATION, a Georgia corporation, OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, ALLY FINANCIAL INC., a Delaware corporation, and GMAC MORTGAGE GROUP, LLC, a Delaware company, | ) ) The Honorable Andrea R. Wood ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## Ocwen Defendants' Reply In Support Of Its Rule 12(b)(6) Motion To Dismiss

As set out in the Ocwen Defendants' motion, all of Weinshel's claims are barred by the voluntary payment doctrine, and each of his four claims are further defective for independent reasons that warrant dismissal at the pleading stage. Weinshel's response does not effectively refute the arguments and authorities set out in the motion. Instead, Weinshel misapplies authorities that squarely support dismissal, contradicts the allegations in his own complaint, and asks this Court to disregard well-settled Illinois law. These efforts further demonstrate that the complaint cannot withstand scrutiny under Rule 12(b)(6). This case should be dismissed with prejudice.

## Argument

### I. The Complaint Is Barred By The Voluntary Payment Doctrine; Weinshel's Arguments To The Contrary Are Inconsistent With The Allegations In The Complaint And Illinois Law.

Weinshel's complaint is barred by the voluntary payment doctrine because his own allegations show that his claims are based on inspection fees that he paid with knowledge of the

basis for the fees and without compulsion or duress. (Compl., ¶¶ 16-17, 46). In his response, Weinshel tries to salvage his case by arguing that (1) he does not allege that he paid the disputed fees; and (2) the voluntary payment doctrine does not apply to payments made under protest. The first argument fails on the pleadings, the second fails on the law.

Weinshel first argues that he "allege[d] that inspection fees have been imposed on him and not removed from his account; he has not alleged that he has paid them." (Resp., p. 7). But he says otherwise in his complaint: "Plaintiff and the Class Members have suffered damages in the form of being charged and ***having paid*** unreasonable inspection fees." (*See* Compl., ¶ 46 (emphasis added)).[1] This allegation is devastating to Weinshel's claims, and he should not be allowed to change his pleadings in response to a motion to dismiss—especially when the changes are a transparent attempt to survive scrutiny under Rule 12(b)(6).

Weinshel next argues that the voluntary payment doctrine does not apply because he made the payments under protest. (Resp., p. 7). To support his position, Weinshel partially quotes *Best Buy Co., Inc. v. Harlem-Irving Companies, Inc.*, 51 F.Supp.2d 889, 897 (N.D. Ill. 1999), and contends that "[w]here payment is made after protest, it is 'stripped of its voluntary character' and the doctrine is inapplicable." (Resp., p. 7). The problem with Weinshel's argument is *Best Buy* says no such thing. What this Court said in *Best Buy* was "[i]f the payment was made as a result of ***compulsion or duress***, it is stripped of its voluntary character." 51 F.Supp.2d at 897 (emphasis added).

Payment under protest is not the same thing as payment under compulsion or duress. *See Prime Cable*, 658 N.E.2d at 1331 ("protest without further evidence of compulsion or duress

---

[1] Moreover, even if Weinshel did not make the payments, his claims would still fail because he would not have suffered any actual damages and actual damages are a required element of each of his claims.

does not impair the operative effect of payment and obviates the previous denial and contestation of the claim"). Rather, for a payment to be "involuntary or compulsory, pressure must be brought to bear on the payor and that pressure must be the product of some actual or threatened power wielded over the payor from which he has no immediate relief." *Id*. at 1332. This pressure must be significant; even the threat of litigation does not rise to the level of compulsion. *Id*. ("payment made pursuant to threat of litigation or to prevent the bringing of legal action is regarded as voluntary for the reason that an ample remedy by way of defense to the suit would exist") (internal citations omitted).

Illinois's voluntary payment doctrine is well-settled, and despite a fair opportunity to respond to the Ocwen Defendants' motion, Weinshel points to no allegations in his complaint that could possibly rise to the level of compulsion or duress. Dismissal with prejudice is therefore appropriate.

## II. All Of Weinshel's Claims Fail Because He Does Not Allege That He Satisfied A Condition Precedent To Initiating This Action.

The Ocwen Defendants show in their motion that Weinshel was required to provide them with written notice of an alleged breach of the loan documents, and a reasonable opportunity to cure the alleged breach, prior to commencing this action. (Mot., p. 6; Compl., Ex. A, §§ 15, 20). The motion further explains that Weinshel was required to plead his compliance with this contract provision, and that his failure to do so is an additional basis for dismissal. (Mot. at 6).

In response, Weinshel argues that his failure to plead compliance with his contractual notice obligations should be excused for two reasons: (1) failure to comply with a condition precedent is a defense that is not properly brought on a motion to dismiss, and (2) GMAC Mortgage, LLC provided Weinshel a written response to his request to remove inspection fees

and that raises a question of fact as to whether the Ocwen Defendants impliedly waived the requirement that Weinshel's request be in writing. (*Id.*) Both arguments are without merit.

First, Weinshel is incorrect that he was under no obligation to plead compliance with contractual conditions precedent to litigation. It is well-established that when there is a condition precedent to bringing a cause of action, the plaintiff must allege compliance with that condition precedent in its complaint. *See* Fed. R. C. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed"); *see also Medrad, Inc. v. Sprite Dev., LLC*, No. 08 CV 5088, 2011 WL 3900730, at *4 (N.D. Ill. Sept. 6, 2011) (failure to allege performance of obligations under the contract is grounds for dismissal pursuant to Rule 12(b)(6)). The notice and cure provision sets forth a condition precedent to filing this lawsuit, and having failed to allege compliance with that condition precedent—even in general terms—Weinshel's complaint fails.[2]

Weinshel's waiver argument is equally lacking. Weinshel does not allege that the Ocwen Defendants' expressly waived the written notice requirement, so he is necessarily relying on an implied waiver. "An implied waiver may arise where a person against whom the waiver is asserted has pursued such a course of conduct as to sufficiently evidence an intention to waive a right or where his conduct is inconsistent with any other intention than to waive it." *In re Krueger*, 192 F.3d 733, 738 (7th Cir. 1999) (internal quotations omitted).

There are no allegations in the complaint from which it might be inferred that the Ocwen Defendants intended to waive the written notice requirement and their conduct was not inconsistent with that requirement. To the contrary, Weinshel's allegation that he received a

---

[2] The complaint fails in its entirety because the notice and cure provision is a condition precedent to Weinshel bringing any claims that "arise[] from the other parties' actions" under the mortgage. (Compl., Ex. A, §20). All four of Plaintiffs' claims arise from the Ocwen Defendants' actions under the mortgage.

written response shows that the Ocwen Defendants were *adhering* to the written notice requirement—even if Weinshel was not. *Id.* at 739 (holding that bank did not waive requirements of mortgage by acting consistent with the mortgage's requirements). Accordingly, taking Weinshel's allegations as true, there is no question of fact about the existence of an implied waiver. Weinshel's failure to allege that he complied with the notice and cure provision of the mortgage requires dismissal of the complaint under Rule 12(b)(6).

## III. Weinshel Does Not Allege He Performed Under The Contract.

To prevail on a breach of contract claim, the party asserting the breach must have performed all of his own obligations under the contract he seeks to enforce. *Razor Cap. v. Antaal*, 972 N.E.2d 1238, 1246 (Ill. App. Ct. 2012). Here, in addition to failing to allege compliance with a condition precedent, Weinshel also fails to allege that he complied with his other obligations under the mortgage, namely his obligation to make timely monthly payments. (Compl., Ex. A, § 1). Weinshel fails to even address this fatal defect in his response, and his breach of contract claim should thus be dismissed. *Medrad, Inc.*, 2011 WL 3900730, at *4.

## IV. There Is No Cause Of Action for Breach Of The Implied Covenant Of Good Faith And Fair Dealing.

It is black-letter law that "[t]here is not a cause of action for breach of an implied provision of good faith in Illinois." *Harris v. Adler Sch. of Prof'l Psychology*, 723 N.E.2d 717, 721 (Ill. App. Ct. 1999). Weinshel acknowledges as much in his response. (Resp. at p. 8). Accordingly, this Court should dismiss Weinshel's stand-alone claim for "Breach of Implied Covenant of Good Faith and Fair Dealing." (Compl., Count II).

Weinshel argues that while his claim may not be viable as titled, it should nevertheless be accepted as a misnamed breach of contract claim. But Weinshel already has a breach of contract claim based on the "reasonable inspection" provision of the mortgage. (Compl., Count I). A

second breach of contract claim also based on the "reasonableness" of the inspections would thus be duplicative and unnecessary. Plus, as set out above, Weinshel cannot sustain *any* claim for breach of contract because he has not—and cannot—allege that he has complied with his payment obligations under the mortgage. (*See Supra* Section III). Accordingly, converting Count II to a breach of contract claim would not bring it any closer to stating a claim.

V. **Weinshel's Claim For Unjust Enrichment Fails Because The Parties Relationship Is Governed By Contract.**

Under Illinois law, "where there is a specific contract which governs the relationship of the parties," a claim for unjust enrichment cannot stand. *People v. E&E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992) (quotation marks omitted). Here, Weinshel acknowledges that the mortgage is a valid contract and governs the relationship between the parties. (Compl., ¶ 43 and Ex. A). Accordingly, he cannot sustain a claim for unjust enrichment.

Despite this unequivocal tenet of Illinois law, Weinshel argues that he can maintain a claim for unjust enrichment "as an alternative theory" to his breach of contract claim, citing *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). (Resp., p. 8). *Cromeens*, however, actually supports dismissal of Weinshel's claim.

In *Cromeens*, the Seventh Circuit held that a party could bring an unjust enrichment claim in the alternative in case the court found that there was no express contract. *Id*. at 397 ("a party is allowed to plead breach of contract, *or if the court finds no contract was formed*, to plead for quasi-contractual relied in the alternative") (emphasis added). But the Court did not countenance a party filing an alternative unjust enrichment claim in every breach of contract case, noting that "a plaintiff may not pursue a quasi-contractual claim where there is an enforceable, express contract between the parties." *Id.* In fact, pursuing a claim for unjust

6

enrichment when the parties' relationship is governed by contract "misconstrue[s] the doctrine of pleading in the alternative" because "quasi-contractual relief is no longer available." *Id.*

Here, the complaint makes clear that Weinshel's theory of the case is that the mortgage is valid, enforceable, and governs the relationship between the parties. Accordingly, an alternative count for "unjust enrichment" is improper, and Count III should thus be dismissed with prejudice.

## VI. Weinshel Fails To State An ICFA Claim.

As established in the motion, Weinshel's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") is nothing more than a repackaged version of his breach of contract claim. (Mot., pp. 8-10). Illinois law does not permit a breach of contract claim to be brought under the guise of ICFA even where "a 'widespread' or 'systematic' breach of contract is alleged" on a class basis. *Grabianski v. Bally Total Fitness Holding Corp.*, 891 F.Supp.2d 1036, 1047 (N.D. Ill. 2012) *citing Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 400 (7th Cir. 2011).

In response, Weinshel argues that his ICFA claim is more than a repackaged breach of contract claim and he cites to various allegations in his ICFA claim that are not included in his breach of contract claim. (Resp., p. 5). But the mere inclusion of some different allegations does not change the fact that Weinshel's ICFA claim is premised on the assertion that the Ocwen Defendants charged "fees for purported property inspections when, in fact, inspections were not performed; were performed on unreasonable and pretextual bases; or were performed in a manner not reasonably authorized under the reasonable-inspection term of Plaintiff's and Class Members' mortgage agreements." (Compl., ¶ 62). That allegation is virtually identical to the allegation that forms the basis for Weinshel's breach of contract claim. (*See* Compl., ¶ 45

7

("Defendants materially breached the terms of their respective mortgage agreements with Plaintiff and Class Members by charging fees for inspections that were not performed; were performed on pretextual bases rather than reasonable ones; or were performed in a manner not reasonably authorized under the reasonable-inspection term of Plaintiff's and Class Members' mortgage agreements").

Further, the "other" allegations that Weinshel relies on generally assert that actions taken by the Ocwen Defendants in connection with the inspections were "unreasonable." (Compl., ¶¶ 63, 64, 67, 69, 71, 72). This just further buttresses the conclusion that Weinshel's ICFA claim is nothing more than a repackaged breach of contract claim because the contract specifically allows for the Ocwen Defendants to "make *reasonable* entries upon and inspections of" Weinshel's property. (Compl., Ex. A § 7 (emphasis added)). So, if the Ocwen Defendants' actions were "unreasonable," Weinshel's remedy is for breach of contract and he should not be permitted to recast those allegations as an ICFA claim. G*rabianski*, 891 F.Supp.2d at 1047. As a result, Weinshel's ICFA claim fails.

## VII. The Complaint Fails to State a Claim Against Parent Company OFC.

Weinshel does not allege that OFC took any part in servicing his loan. Nevertheless, he lumps OFC with OLS under the term "Defendants" and alleges that "Defendants" performed actions that give rise to liability. (Compl., ¶¶ 45, 46, 49-51, 54-59, 62-75). Courts, including this Court, have consistently held that such lumping is improper under Rule 8(a) because it does not give each defendant notice of what it is alleged to have done wrong. *See, e.g., Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F.Supp.2d 882, 885 (N.D. Ill. 2008) (plaintiff's claims dismissed against all defendants where he attempted to assert breach of

contract claims against multiple defendants by lumping all defendants together in the allegations).

Weinshel's response consists of one sentence citing to paragraphs five and six of the complaint and claiming that the Ocwen Defendants "disregard[ed] the details specified in the Complaint." (Resp., p. 9). But paragraphs five and six simply establish that OFC and OLS are affiliated but distinct legal entities. Those paragraphs do not establish that OFC was involved in any of the allegedly improper conduct. And the mere fact that OFC and OLS are affiliated does not provide a basis to hold OFC liable for the conduct of OLS. *See IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (affirming dismissal of claims against parent corporation based on actions of subsidiary). Simply put, Weinshel has alleged no plausible basis to hold OFC liable here, and OFC should accordingly be dismissed.

## VIII. The Ocwen Defendants Are Not Liable for Any Actions Taken Before February 15, 2013.

Weinshel's response does not contest that the Ocwen Defendants cannot be liable for actions taken before February 15, 2013. (Resp., p. 9). Accordingly, to the extent Weinshel's claims seek to assert liability based on pre-February 15, 2013 conduct, the claims fail.

## Conclusion

For all of the reasons set forth above and for the reasons set out in the motion, Plaintiff Steven S. Weinshel's Class Action Complaint should be dismissed in its entirety under Federal Rule of Civil Procedure 12(b)(6). Because several of the defects identified in the motion cannot be cured by amendment, the dismissal should be with prejudice.

DATED: April 16, 2014

Respectfully Submitted,

**Ocwen Financial Corporation and Ocwen Loan Servicing, LLC**

Simon Fleischmann
Ryan M. Holz
David F. Standa
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-443-1748
Email: dstanda@lockelord.com

By: /s/ David F. Standa
      One of Its Attorneys

**CERTIFICATE OF SERVICE**

       I, David F. Standa, an attorney, certify that I caused the foregoing Reply to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on April 16, 2014.

                                                  /s/David F. Standa